IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES SHEPPARD,

                    Plaintiff,                      ORDER

  v.

                                                          12-cv-703-wmc

WALKER, A. ARCHER, BREDEMANN,
GOLDSMITH, JANEL NICKEL, TIMOTHY ZIEGLER,
DONALD MORGAN, MICHAEL MEISNER,
TIMOTHY CASIANA, BRIAN FRANSON,
and JOANNE LANE,

                    Defendants.

---

Plaintiff Charles Sheppard, who is incarcerated at Columbia Correctional Institution ("CCI"), has been granted leave to proceed on claims under the First and Eighth Amendments against various CCI employees. Currently before the court is his motion for reconsideration (dkt. #20), again requesting that the court grant him leave to proceed on a substantive due process claim under the Fourteenth Amendment. Sheppard has also moved for assistance in finding counsel to assist him with discovery (dkt. #22). The court takes up these motions in this order.

**I. Motion for Reconsideration**

In his original complaint, Sheppard alleged that defendants had issued disciplinary reports against him in retaliation for his expression of suicidal thoughts and his written grievances. The court initially denied him leave to proceed on these claims under the Fourteenth Amendment based on the general rule that, where another provision of the Constitution provides an explicit textual source of constitutional protection, a court must assess a plaintiff's claims under that explicit provision, rather than through the more

generalized lens of substantive due process. *Conn v. Gabbert*, 526 U.S. 286, 293 (1999). The Seventh Circuit has also stated that even fraudulent disciplinary reports do not give rise to a constitutional claim as long as procedural protections are constitutionally adequate. *McPherson v. McBridge*, 188 F.3d 784, 787 (7th Cir. 1999). Because Sheppard failed to allege any procedural deficiencies in the disciplinary process, and because his claims were essentially claims for retaliation in violation of the First Amendment, the court elected to assess them under that framework, rather than the framework of substantive due process.

In his motion for reconsideration, Sheppard now points out that the Seventh Circuit recognizes an exception to the general rules of *Conn* and *McPherson*. In *Black v. Lane*, 22 F.3d 1395 (7th Cir. 1994), the Seventh Circuit held that "[i]ssuing false and unjustified disciplinary charges can amount to a violation of substantive due process if the charges were in retaliation for the exercise of a constitutional right." *Id.* at 1402. It reaffirmed that rule years later in *Lagerstrom v. Kingston*, 463 F.3d 621 (7th Cir. 2006), citing *Black* for the proposition that the ordinary rule of *McPherson* is inapplicable "to situations in which an inmate claims that a prison official trumped up a disciplinary charge in retaliation for the exercise of a constitutionally protected right." *Id.* at 625.

The exception in *Black* appears to be applicable here. Sheppard has essentially alleged that defendants wrongfully disciplined him in retaliation for the exercise of his First Amendment rights. Without deciding its ultimate merit, this would, in fact, appear to support a substantive due process claim. *See Lagerstrom*, 463 F.3d at 625; *Black*, 22 F.3d at 1402; *Obriecht v. Raemisch*, No. 10-CV-221, 2011 WL 2746133, at *5-6 (finding incarcerated plaintiff had stated a substantive due process claim when he alleged a falsified conduct report occurred in retaliation for filing grievances). Sheppard's motion for

reconsideration will, therefore, be granted, and he may proceed on his substantive due process claims against: (1) Walker, Bredemann, Nickel, Ziegler, Morgan and Meisner for the punishment he allegedly received for expressing his suicidal thoughts; and (2) Ziegler, Morgan, Meisner, Casiana, Franson and Lane for the punishment he allegedly received for writing an informal grievance letter.

**II. Assistance in Recruiting Counsel**

Sheppard also asks the court to recruit volunteer counsel to assist him in discovery, pursuant to 28 U.S.C. § 1915(e)(1). Before deciding whether it is necessary to recruit counsel, a court must find that the plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful, or that he has been prevented from making such efforts. *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). In his motion, Sheppard lists the names and addresses of five different attorneys and law firms whom he contacted to seek pro bono representation and indicates that all five firms declined to assist him. (*See* Mot. Recruit Counsel (dkt. #22) 1-2.) This satisfies *Jackson*'s threshold requirement that Sheppard make reasonable efforts to find counsel on his own, and the court may consider the merits of Sheppard's request.

The relevant question is "whether the difficulty of the case -- factually and legally -- exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Importantly, "[r]ecruitment of pro bono counsel under § 1915(e) is not limited to the trial phase of the case." *Id.* Rather, the court should frame the question as "whether the plaintiff appears competent to *litigate* his own claims, given their degree of difficulty, and this includes the

3

tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis in original). While the inquiry is a flexible one, five factors the court may address include: (1) the merits of the claim for relief; (2) the ability of plaintiff to investigate crucial facts unaided; (3) whether the nature of the evidence indicates the truth will more likely be exposed when both sides have counsel; (4) the indigent's capability to present the case; and (5) the complexity of the legal issues involved. *Jackson*, 953 F.2d at 1072.

Here, Sheppard requests volunteer counsel specifically for the purpose of assisting him in discovery, so he may adequately prepare for the summary judgment phase of his case. Moreover, Sheppard apparently suffers from a serious seizure disorder and takes medication that leaves him lethargic and unable to focus; he also struggles with depression and auditory hallucinations. (*See* Supp. Aff. Charles Sheppard (dkt. #24) ¶¶ 1-3.) Thus far, Sheppard has depended entirely on the help of other inmates to litigate his case. His circumstances have hindered his ability to depend on inmate assistance in discovery, however, because he is currently housed in segregation, confined to his cell for 23 hours per day, and required to communicate with other inmates by mail. As a result, some of his documents and correspondence have been lost. (*See id.* at Ex. 1 (dkt. #24-1) (ICE Report affirming Sheppard's complaint that staff failed to seal mail following inspection, resulting in loss of the documents).) Additionally, Sheppard indicates he must write with a dull pencil while in segregation and that some of his correspondence has been illegible as a result.

Based on Sheppard's mental problems and the circumstances impeding his ability to rely on other inmates, the court agrees that he is unable to litigate the discovery phase of his

4

case unaided. Accordingly, the court will grant his motion for assistance in recruiting counsel and will seek a pro bono attorney for the limited purpose of assisting Sheppard with discovery before the dispositive motion deadline of February 27, 2015.[1]

ORDER

IT IS ORDERED that:

1. Plaintiff Charles Sheppard's motion for protective order (dkt. #13) is DENIED without prejudice as to its later reconsideration;

2. Plaintiff's motion for reconsideration (dkt. #20) is GRANTED; and

3. Plaintiff's motion for assistance in recruiting counsel (dkt. #22) is GRANTED.

Entered this 25th day of June, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] Sheppard also filed a motion for protective order before his complaint was screened. (Dkt. #13.) The motion sought to prevent defendants from destroying personnel files of DOC staff members. Certainly, the named defendants and DOC generally will obviously be well served (if not required) to maintain any documents potentially relevant to this lawsuit, including personnel files, now that they have been apprised of the present dispute, as a failure to do so may result in penalties for spoliation. The plaintiff's formal motion will be denied without prejudice at this time, however, because (1) Sheppard will now have volunteer counsel to assist him in discovery matters; and (2) defendants have now been served, meaning they will have a chance to respond should plaintiff renew his motion for a protective order.