IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES SHEPPARD,

                Plaintiff,

v.

WALKER, *et al.*,

                Defendants.

ORDER

12-cv-703-wmc

---

Plaintiff Charles Sheppard filed this civil action under 42 U.S.C. § 1983, concerning the conditions of his confinement at the Columbia Correctional Institution ("CCI"). At plaintiff's request, the court has recruited counsel William E. Parsons of the law firm of Hawks Quindel, S.C., for the limited purpose of assisting plaintiff with discovery before the dispositive motion deadline in this case. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that § 1915(e)(1) confers, at most, discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). Accordingly, the court will enter his appearance as plaintiff's *pro bono* counsel for the record.

The parties in this case have already appeared for a pretrial scheduling conference, which resulted in a written order with deadlines and instructions. The clerk's office will provide plaintiff's counsel with a copy of the preliminary pretrial conference order in this case. (Dkt. # 26). According to the preliminary pretrial conference order, the dispositive motion deadline is February 27, 2015. Plaintiff's counsel should contact the Wisconsin Department of Corrections for purposes of consulting with plaintiff and preparing

discovery, whether by phone and/or in person.

Finally, plaintiff should appreciate that his counsel took on this representation out of a sense of professional responsibility, which includes representing him zealously. Now that he is represented by counsel, plaintiff is advised that in return for representation he, too, has taken on a responsibility. For example, all future communications with the court regarding discovery issues must be through his attorney of record. Plaintiff must also work directly and cooperatively with his attorney, as well as those working at his direction, and must permit them to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. On the contrary, plaintiff should expect his counsel to tell him what he *needs* to hear, rather than what he might prefer to hear, and understand that the rules of professional conduct may preclude counsel from taking certain actions or permitting him from doing so. Accordingly, plaintiff should be prepared to accept the strategic decisions made by his lawyers even if he disagrees with some of them.

If plaintiff decides at some point that he does not wish to work with his lawyers, he is free to alert the court and end their representation, but he should be aware that it is highly unlikely that the court will recruit a second set of attorneys to represent him.

ORDER

IT IS ORDERED that the clerk's office enter William E. Parsons of Hawks Quindel, S.C., as plaintiff's *pro bono* counsel of record for the limited purpose of assisting plaintiff with discovery before the dispositive motion deadline in this case. The clerk's office is also instructed to provide plaintiff's counsel with a copy of the preliminary pretrial conference order in this case. (Dkt. # 26).

Entered this 15th day of July, 2014.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge