IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHARLES SHEPPARD,

                        Plaintiff,                        OPINION & ORDER

        v.

                                                          12-cv-703-wmc
WALKER *et al.*,

                        Defendants.

The court held a telephonic hearing in this matter today to address defendants'
pending motions for entry of a protective order (dkt. #33) and to seal certain materials
produced in discovery (dkt. #34).  Plaintiff Charles Sheppard appeared by his *pro bono*
counsel, Caitlin Madden and Lynn Lodahl of Hawks Quindel, S.C., who are currently
representing him for the limited purpose of assisting in discovery.  Defendants appeared by
assistant attorney general Rebecca Paulson.

The parties have come to an agreement on most of the materials that were initially
sealed, and so the court will grant in part and deny in part the motion to seal consistent
with the parties' agreement.[1]  The materials that remained in dispute at the hearing include
a fairly discrete set of materials -- slides used for training officers on suicide prevention
techniques and the deposition testimony of defendant Joshua Walker relating to those
slides.  Both parties recognize that unsealing those materials and permitting Sheppard to
have access to them could present security and safety concerns.   The court agrees.

---

[1] More specifically, the following materials are to remain sealed: (1) all materials and testimony
related to defendant Joshua Walker's disciplinary record; and (2) all training materials and testimony
that contain information relating to staff response to actual suicides.  The following materials will
not be sealed:  (1) all materials and testimony related to the specific events of April 5, 2012; and (2)
the materials and testimony dealing with statistical information regarding suicides and suicide
attempts in DOC institutions.

Recognizing that it may become necessary to unseal some or all of this information should this case proceed past summary judgment, therefore, the court will for the present grant the motion for entry of protective order and to seal the suicide prevention training materials and testimony directly related to those materials.  Plaintiff's counsel is permitted to discuss in general terms with plaintiff the training materials and related testimony that remain sealed, but should confer with defendants' counsel to ensure that counsel agree as to how to frame that discussion without implicating institutional security.  If counsel are unable to agree, they should promptly seek a status conference with the court.[2]

The parties have also apprised the court of a more recent deposition that presents essentially the same issues as Walker's with respect to issues of institutional security.  As discussed at the status conference, any portions of that deposition dealing with suicide prevention training should also remain under seal.

Last, the parties discussed the best way to move forward given defendants' recently-filed motion for partial summary judgment and the limited appointment of *pro bono* counsel in this case.  Consistent with the request of plaintiff's counsel, the court will extend plaintiff's deadline to respond to the summary judgment motion until Monday, April 6, with defendants' reply to be due on Thursday, April 16.  Plaintiff's counsel should also confirm that the court now has before it all sealed materials that were the subject of defendants' motion.  Finally, when possible, plaintiff's counsel should advise the court as to whether they are willing to undertake a limited additional role by filing a short brief

---

[2] As the court suggested, counsel should also discuss whether it is possible to pare down further the materials that remain under seal without jeopardizing institutional safety and security.

identifying and discussing whether any of the sealed information may be relevant to Sheppard's opposition to summary judgment.

ORDER

IT IS ORDERED that:

1) The motion for entry of a protective order (dkt. #33) is GRANTED.

2) The motion to seal (dkt. #34) is GRANTED IN PART and DENIED IN PART, consistent with the opinion above.

3) Plaintiff Charles Sheppard's brief in opposition to summary judgment is now due on Monday, April 6, 2015.  Defendants' brief in reply is now due Thursday, April 16.

4) When possible, plaintiff's counsel should advise the court as to whether they are willing and able to file a short brief in opposition to summary judgment dealing solely with the training materials and related deposition testimony that remains under seal.

Entered this 6th day of March, 2015.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

3