IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES SHEPPARD,

                                                  ORDER

                    Plaintiff,

     v.

                                                  12-cv-703-wmc

WALKER, *et al.*,

                  Defendants.

---

      Plaintiff Charles Sheppard, a pro se inmate, is proceeding in this case on claims that employees at the Columbia Correctional Institution violated his rights under the First, Eighth and Fourteenth Amendments.  The case is scheduled for trial on August 24, 2015, and pretrial filings are due July 24, 2015.  Defendants have filed a motion for partial summary judgment (dkt. #41), to which plaintiff has filed a brief in opposition, (dkt. #69).  Plaintiff has also filed a motion for assistance in recruiting trial counsel (dkt. #90), asserting that (1) at least one of his claims will proceed to trial regardless of the court's decision on the pending motion for partial summary judgment; and (2) he will be unable to present his case at trial without assistance.[1]

      Defendants have now filed a motion requesting that the court strike all impending pretrial filing deadlines, adjourn the trial and refer this case to Magistrate Peter Oppeneer for mediation.  Dkt. #98.  Defendants state that they initiated settlement discussions with plaintiff's former counsel and believe this case is appropriate for mediation.  At the

---

[1] Early in the case, the court recruited counsel for plaintiff for the limited purpose of assisting him in conducting discovery.  After fulfilling the limited role for which it was originally recruited, counsel declined to expand its representation except apparently in an informal, out-of-court capacity.  (Dkt. #30.)  The court is unaware if previous counsel might be willing to take on a more limited role at trial.

same time, defendants state that plaintiff's attorneys, who were recruited solely for the purpose of assisting plaintiff with discovery, have indicated that they are only authorized to participate in informal settlement negotiations and cannot participate in mediation. *Id.* ¶ 8. Defendants do not state whether plaintiff himself has expressed any desire to mediate, with or without counsel, let alone a desire to stay the case or adjourn the trial to pursue mediation.

After considering defendants' request, the court will grant the motion in part and deny it in part. Although the court strongly encourages resolution through mediation or other settlement negotiations, the court generally does not order mediation without a request by all parties. Although defendants do not state so explicitly, they seem to imply that the court should recruit counsel for plaintiff for the purpose of mediating. This, too, would be unusual since the court also does not generally recruit counsel solely for the purpose of the engaging in mediation or settlement discussions, particularly where the plaintiff has not made such a request. Accordingly, the court will deny the request to refer the case to mediation, although the parties are free, indeed are encouraged, to engage in settlement discussions without an order from the court to do so.

The court is currently considering defendants' motion for partial summary judgment and expects to issue a decision on that motion shortly. Once the court has resolved the pending summary judgment motion, the scope of trial will be clear. The court will then consider, and likely grant, plaintiff's motion for assistance in recruiting trial counsel.

In light of this, the court agrees that the August 24, 2015 trial date and pretrial filing deadlines are appropriately stricken. The court will promptly set a new schedule culminating in a trial later this year, but after resolving the defendants' motion for partial summary judgment and, if granted, recruitment of trial counsel.

ORDER

IT IS ORDERED that defendants' Motion to Adjourn Trial and Refer for Mediation, dkt. #98, is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED with respect to defendants' request that the trial be ADJOURNED and all pretrial filing deadlines be STRICKEN. The motion is DENIED in all other respects. After addressing pending motions, and as appropriate recruiting trial counsel for plaintiff, the court will set a new schedule for any trial in this case to be completed by the end of 2015.

Entered this 14th day of July, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge